

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
Eloy, Arizona

File No.:  A 27 972 293                                    October 2, 2006

In the Matter of                    )
                                    )
MEBRAHTU WOLDAI TSEHAI              )       IN REMOVAL PROCEEDINGS
                                    )
            Respondent              )

CHARGES:        Section 237(a)(2)(B)(I) of the Immigration and
                Nationality Act: after admission convicted of a
                violation of law relating to a controlled
                substance other than a singe offense involving
                possession for one's own 30 grams or less of
                marijuana;

                Section 237(a)(2)© of the Immigration and
                Nationality Act: after admission convicted under
                law of purchasing, selling, offering for sale,
                exchanging, using, owning, possessing, or carrying
                in violation of any law any weapon, part, or
                accessory which is a firearm.

APPLICATIONS:   Termination.


ON BEHALF OF RESPONDENT:            ON BEHALF OF ICE:

Pro se                              Brent Landis, Esquire
                                    Assistant Chief Counsel



ORAL DECISION OF THE IMMIGRATION JUDGE - PART A

        This is a removal proceeding instituted by Immigration and

Customs Enforcement against the respondent when he was served

with a Notice to Appear which was filed with the Court.

(Exhibit 1).

        There were amendments by pen and ink to allegation No. 2.

1

respondent was still under 18 and a lawful resident of the United
States.

There have been several continuances.  The matter was set
for a hearing for today as to the charges against the respondent,
(Exhibit 7).  The Government presented evidence of the
respondent's acquisition of resident status following his initial
conditional admission as a refugee, (Exhibit 4), and they have
submitted documentation to the Court as well with reference to
convictions, (Exhibit 5).[1]

The Government did then submit evidence, without objection
from the respondent, that the decision was affirmed in full,
(Exhibit 5-A), and then the abstract of judgement, together with
the information, was received into evidence without objection
from the respondent as a final judgement relating to him
(Exhibit 5).

I am satisfied from Exhibits 5 and 5-A that the allegations
of a conviction for possession of a controlled substance, that
being cocaine base, in violation of Section 11350(a) of the
California Health and Safety Code, is correct and, further, that
the allegation of a conviction for carrying a concealed firearm
is also correct in violation of Section 12025(a)(2) of the

---

[1]Initially Exhibit 5 was marked for identification only
because the respondent had been claiming that it was on review by
appellate authorities.  Ultimately, on today's date, the
Government submitted evidence that the decision was final and the
respondent had not objected to this evidence nor then the receipt
into evidence of the abstract of judgement and attached
information.

A 27 972 293                    3                    October 3, 2006

The respondent first denied and then admitted not being a citizen
or a national of the United States.  He first denied the original
allegation No. 2, as it was written and then, when it was
amended, he admitted being a native of Sudan, but denied being a
citizen of Ethiopia.  He admitted having been admitted to the
United States at New York, New York around October 19, 1988 as a
refugee.  He admits that his status was adjusted to become a
lawful permanent resident on April 2, 1990, effective as of
October 19, 1988, under Section 209 of the Immigration and
Nationality Act.

     He denied the allegation that, on September 17, 2002, he had
been convicted in the Superior Court of California, Alameda
County, for possession of a controlled substance; to wit, cocaine
base, in violation of Section 11350(a) of the California Health
and Safety Code.  He further denied the allegation that, on
October 17, 2002, that he was convicted in the Superior Court of
California, Alameda County, for carrying a concealed firearm on a
person in violation of Section 12025(a)(2) of the California
Penal Code.

     The two charges referenced above the Court considered as
being denied because the respondent was claiming that he had not
been convicted of the offenses, saying that it was on appeal or
still under review.  Further, and subsequently, the respondent
appeared to be claiming to possibly having acquired U.S.
citizenship through his father's naturalization while the

A 27 972 293                    2                  October 3, 2006

California Penal Code, so those allegations were sustained.

The issue of the respondent possibly having acquired U.S. citizenship, after considering all of the evidence, which includes the testimony of the respondent that he was born January 10, 1981 (see also Exhibit 4, which indicates the respondent's birth date), that his mother is not a United States citizen, but is a national of Ethiopia, according to the respondent's understanding, and she is still a lawful resident not having naturalized.  The respondent's father naturalized to become a United States citizen while the respondent was still 17 (see Exhibit 6) and the respondent's parents were married when the respondent was born, that it was never terminated, and there was never a legal separation.  Owing to the fact that the Child Citizenship Act of 2000 did not have retroactive effect, the respondent comes under the prior statutory provisions.  In this regard, see also Minasyan v. Gonzales, 401 F.3d 1069, 1075 Case No. 02-73556 (9th Cir. March 22, 2005); also referencing Section 321(a) of the Immigration and Nationality Act, as amended.

Without a legal separation and without the respondent residing in the legal custody of his father, the acquisition of U.S. citizenship automatically had not been established from the evidence presented.  The respondent had no further evidence to present on this issue.

As the respondent acknowledges being born outside of the

A 27 972 293                           4                    October 3, 2006

**U.S. Department of Justice**
Executive Office for Immigration Review
United States Immigration Court

Matter of                                    File A 27 972 293


MEBRAHTU WOLDAI TSEHAI     )  In REMOVAL Proceedings

            Respondent    )    Transcript of Hearing


Before JEFFREY ZLATOW, Immigration Judge


Date:  September 5, 2006                    Place:  Eloy, Arizona


Transcribed by FREE STATE REPORTING, INC., at Annapolis, Maryland


Official Interpreter:  Laticia Lopez

Language:  Spanish


Appearances:

     For the Department of
     Homeland Security:       For the Respondent:

     Sarah Hartnett          Pro se

1   JUDGE FOR THE RECORD

2       This is Immigration Judge Jeffrey Zlatow on

3   September 5th, 2006 at the Immigration Court in Eloy, Arizona

4   with a continued Master Calendar setting in removal proceedings

5   in File 27 972 293.  This references the respondent, Mebrahtu,

6   M E B R A H T U, Woldai, W O L D A I, Tsehai, T S E H A I.  The

7   respondent is in the custody of Homeland Security.  He is

8   appearing without counsel.  The Government is represented --

9                           (OFF THE RECORD)

10                          (ON THE RECORD)

11  JUDGE FOR THE RECORD

12      -- testing.  This is Immigration Judge Jeffrey Zlatow at the

13  Immigration Court in Eloy, Arizona providing a taped group

14  advisement of rights.  The respondents are in Government custody

15  and have each been handed the area list of free legal services

16  and information on appeal rights.  Translation into Spanish is

17  provided by the court interpreter, Laticia Lopez.

18  JUDGE TO RESPONDENTS

19      Q.   I am Immigration Judge Zlatow.  I am going to be

20  advising you of your rights together.  Thereafter I will speak to

21  you individually and ask you whether you have understood this

22  advisement and how you want to proceed in your case.  If there is

23  anything that you don't understand you should let me know that

24  right away.  You're in removal proceedings.  That's because the

25  Department of Homeland Security is claiming that you're not

A 27 972 293                    1              September 5, 2006

1   citizens or nationals of the United States.  They are claiming

2   that you're either in the United States in violation of law or

3   that you have committed a violation of law to make you subject to

4   removal.  This hearing is to see if the charges brought against

5   you are correct.  If they are false I'll stop the proceeding.  If

6   they are correct I'll see if you're eligible for any relief so

7   the hearing is to determine whether you are able to stay or have

8   to leave the United States.  Throughout these proceedings you

9   have the right of seeking representation.  The individual would

10  be of your choosing, but without cost to the Government of the

11  United States, so, if you want to be represented, you will need

12  to make the arrangements.  The Court does not appoint counsel to

13  represent you.  In this area there are attorneys and agencies who

14  might agree to represent you for free.  The list is on the first

15  paper the officer gave to you.  If you would like time to try to

16  get an attorney or obtain counsel I will postpone the hearing.

17  If you choose to waive your right to counsel and elect to speak

18  on your own then I may listen to the facts of your case today.

19  The choice is entirely yours.  If you need a continuance for any

20  reason just let me know that.  The Department of Homeland

21  Security is represented by their attorney.  Generally, it is the

22  Government attorney's responsibility of showing that you are

23  properly in these proceedings and subject to whichever charge has

24  been brought against you.  You may question any witness that is

25  called and examine any documents presented.  You may object to

A 27 972 293                    2                September 5, 2006

1    any evidence you believe to be wrong.  You also may have

2    witnesses testify in your defense, present documents in your

3    defense, and you may tell me anything relevant about your case

4    that you would like me to consider before the decision is made.

5    Once I have heard the facts of your case I'll make a decision.

6    If you believe the decision to be wrong then don't accept it.

7    Ask that a higher court review it.  That is known as your right

8    to appeal the decision to a higher court.  You may reserve that

9    right of appeal for up to 30 days.  That is also explained on the

10   second paper the officer gave to you.  Those are your rights in

11   these proceedings.  Now I would like to mention a few other

12   things.  If for any reason your case is postponed and you are

13   seeking to have it transferred to a city closer to where you

14   live, if you're released from custody please make sure that the

15   address you give is the exact address that you want notice sent

16   to.  If the request to transfer the case to another court is

17   granted the Court at the new location would send you a notice to

18   the address you provided of when to appear in court for your

19   hearing.  If you don't attend the hearing it will likely go

20   forward in your absence and you could be ordered removed.  If

21   there were no exceptional circumstances for your absence then you

22   would be ineligible for ten years for various forms of relief

23   which include what is called voluntary departure, cancellation of

24   removal, adjustment or change of immigration status.  Each time

25   there is a change of your address you must notify the Court which

A 27 972 293                    3                September 5, 2006

 1   will hear your case of your new address within five days.  You do

 2   this by submitting to the Court a blue form, EOIR-33, a change of

 3   address form.  Now I will speak to about voluntary departure.

 4   Sometimes persons are interested in what is called voluntary

 5   departure as a form of relief.  Voluntary departure is where you

 6   or somebody on your behalf is making the transportation

 7   arrangements for you to leave the country.  If granted it avoids

 8   the stigma and most of the consequences of removal.  It also may

 9   be of benefit to you if you are seeking to return to the United

10   States by applying for a visa in the future.  If the Government

11   pays for the transportation it is generally considered as an

12   order of removal even if you wanted to leave.  There are two

13   types of voluntary departure, but, if your case is classified as

14   that of an arriving alien or if you have been convicted of an

15   aggravated felony, you will not be eligible for either form of

16   voluntary departure.  The first type is where voluntary departure

17   is the sole form of relief that you are seeking.  You are

18   conceding the charges against you are correct and are willing to

19   accept voluntary departure as a final order.  You would need a

20   valid travel document unless the country you are traveling to

21   does not require one.  If you are seeking this relief the request

22   should ordinarily be made at the same hearing at which you are

23   responding to the allegations.  If you are seeking this privilege

24   and the Government indicates their opposition to that form of

25   relief your case would most likely be rescheduled to a later date

A 27 972 293                        4                    September 5, 2006

1    to give you an opportunity to present evidence in support of your

2    request and for the Government to present their evidence in

3    opposition.  The second type of voluntary departure is where you

4    are contesting the charges or where you are claiming eligibility

5    for additional forms of relief.  The basic requirements include

6    your proving that you have been of good moral character for at

7    least the last five years, that you have a valid travel document,

8    and that you post a bond to guarantee you will depart voluntarily

9    as agreed within the time allowed.  If you are granted voluntary

10   departure under either type one or type that I mentioned and the

11   decision becomes final you must comply with the agreement to

12   leave voluntarily without cost to the Government of the United

13   States within the time ordered.  If you fail to leave voluntarily

14   as agreed it will convert automatically to an order of removal,

15   but you would also be subject to a civil penalty of no less than

16   1,000 dollars and no more than 5,000 dollars.  Moreover, if you

17   fail to comply with your agreement to leave voluntarily without

18   cost to the Government of the United States and within the time

19   ordered, you would be ineligible for ten years for the relief of

20   voluntary departure again, cancellation of removal, adjustment or

21   change of your immigration status.  Now I will speak to you about

22   being removed.  If you are ordered removed and if the decision

23   becomes final it is unlikely that you would be released from

24   custody prior to a removal order being executed.  However, if for

25   any reason you are released, the Government would give you a

1   notice to surrender yourself once they have made transportation

2   arrangements for your removal.  You remain obligated to present

3   yourself.  Failing to do so, without exceptional circumstances

4   for that failure, makes you ineligible for ten years to be

5   considered for voluntary departure, cancellation of removal,

6   adjustment or change of your immigration status.  Additionally,

7   if you intentionally thwart or hamper your removal in any way,

8   you will be subject to fine, or imprisonment, or both and a civil

9   penalty of up to 500 dollars per day.  If you are removed from

10  the United States you will be prohibited from returning for a

11  period of time unless first granted special written permission to

12  return following removal in addition to needing a new valid visa.

13  If you are found in the United States again without that

14  permission you can be charged with a separate felony offense and,

15  if convicted, be sent to a federal prison.  The length of time

16  that you're prohibited from returning varies with the

17  classification of the case.  For individual classified as

18  arriving aliens it is usually five years.  For most individuals

19  in removal proceedings it is usually ten years.  If you have been

20  convicted of an aggravated felony then it is a lifetime

21  prohibition.  Anyone who presently has any lawful status to be in

22  the United States and is removed loses that status and you would

23  have no right of returning on that prior visa or resident card.

24  Thank you for your attention.

25  JUDGE FOR THE RECORD

A 27 972 293                    6                September 5, 2006

1      In any case, where an individual acknowledges receiving a

2  copy of the charging document it will be marked for the record as

3  Exhibit 1.  The notice for today's hearing would be Exhibit 2.

4  At this point the docket will be called.

5                          (OFF THE RECORD)

6                          (ON THE RECORD)

7  JUDGE FOR THE RECORD

8      This is Immigration Judge Zlatow on September 5th, 2006 at

9  the Immigration Court in Eloy, Arizona with a hearing in removal

10  proceedings following a group advisal of rights which was a taped

11  advisal.  The respondents are in the custody of Homeland

12  Security.  The Government is represented at this time by Attorney

13  Sarah Hartnett, H A R T N E T T.  At this point the hearing will

14  be in English because I do not have an interpreter available to

15  me for those individuals needing Spanish translation, so anyone

16  on the docket who is indicated as needing Spanish language

17  translation I will hold those cases in abeyance until the

18  afternoon at which time I am hopeful I will have an interpreter

19  that may be available to me, so in the meantime 27 972 293.  This

20  references Mebrahtu, M E B R A H T U, Woldai, W O L D A I,

21  Tsehai, T S E H A I.

22  JUDGE TO MR. TSEHAI

23      Q.   Sir, language, please?

24      A.   English, English.

25      Q.   English.  Thank you.  Did you understand the advisals?

A 27 972 293                    7              September 5, 2006

```
 1      A.   Yes.

 2      Q.   And did you want to get an attorney or to speak on your

 3 own?

 4      A.   I can't afford an attorney to help me.

 5      Q.   Sir, you were given a list of attorneys and agencies in

 6 the area who might agree to represent you for free.  You're not

 7 limited to that list.  You can contact whomever you would like.

 8 Do you want more time to get an attorney, sir?

 9      A.   No, I wrote one and I called him.

10      Q.   I can't hear you, sir.

11      A.   I said I wrote one and I haven't gotten a response so.

12      Q.   I cannot hear you, sir.

13      A.   I said I had wrote one, but I haven't gotten a response

14 yet.

15      Q.   Okay.  I'll postpone the hearing.

16      A.   (Indiscernible).

17      Q.   I'll postpone the hearing to give you time since you

18 apparently are trying to make arrangements.

19      A.   Okay.

20      Q.   Your next hearing will be in this court on the 19th at

21 -- of September at 9:30 in the morning and written notice with

22 attachments will be provided.

23 JUDGE FOR THE RECORD

24      The matter is continued.

25 JUDGE TO MR. TSEHAI
```

A 27 972 293                    8                    September 5, 2006

```
1      Q.    Have a good day, sir.

2      A.    (Indiscernible).

3      Q.    Have a good day, sir.

4   JUDGE FOR THE RECORD

5      The next case is 98 931 312, Gabriel Moreno, M O R E N O -

6   Moreno, M O R E N O.

7   JUDGE TO MR. MORENO

8      Q.    Language, sir?

9      A.    Spanish.

10      Q.    Spanish.  Okay.  I'll see you this afternoon at 1

11   o'clock.  I hope to have an interpreter.  1 o'clock, sir.  Thank

12   you, Mr. Moreno.

13   JUDGE FOR THE RECORD

14      75 169 455, Arturo, A R T U R O, Delgadillo, D E L G A D I L

15   L O, Lupian, L U P I A N.

16   JUDGE TO MR. DELGADILLO-LUPIAN

17      Q.    Language, please?

18      A.    English.

19      Q.    English.  Thank you.  Did you understand the advisals?

20      A.    Yes.

21      Q.    Did you want to get na attorney or to speak on your

22   own?

23      A.    Speak on my own.

24      Q.    Do you need more time to prepare or you want the

25   hearing today?
```

A 27 972 293                    9              September 5, 2006

1      A.   Today, please.

2   JUDGE FOR THE RECORD

3      All right.   Then this will also be the file containing the

4   tape for today's proceeding.

5   JUDGE FOR THE RECORD

6      24 119 520, Rubin, Morales, M O R A L E S - Reyes, R E Y E

7   S.

8   MR. MORALES-REYES TO JUDGE

9      A.   Yes.

10     Q.   Language, please?

11     A.   Spanish.

12     Q.   Spanish.   I'll see you at 1 o'clock, sir.   I hope to

13   have an interpreter then.   Thank you.

14     A.   Thank you.

15   JUDGE FOR THE RECORD

16     Sandra Patricia Ramirez, R A M I R E Z – Finbres, F I N B R

17   E S.

18   MS. RAMIREZ-FINBRES TO JUDGE

19     A.   Yes.

20     Q.   Thank you.

21     Q.   You have an attorney, yes?

22     A.   Yes.

23     Q.   Okay.   Do you speak English?

24     A.   No.

25     Q.   No.   I'll be calling your attorney and I'll have you

A 27 972 293                    10                    September 5, 2006

1   come back into court so you can wait outside.   Thank you.

2        A.    Thank you.

3        Q.    You're welcome.

4   JUDGE TO COURT OFFICER

5        Officer, I may have somebody around 10 o'clock --

6   COURT OFFICER TO JUDGE

7        Okay.

8   JUDGE TO COURT OFFICER

9        -- so --

10  COURT OFFICER TO JUDGE

11       I'll wait.

12  JUDGE TO COURT OFFICER

13       -- yes, after the interpreter is through in another court I

14  might be able to ask the interpreter to come in so that case will

15  be on hold until around then.

16  JUDGE FOR THE RECORD

17       79 630 599, Esau, E S A U, Samuel Lopez, L O P E Z - Rios,

18  R I O S.

19  JUDGE TO MR. LOPEZ-RIOS

20       Q.    Language, please?

21       A.    Spanish.

22       Q.    Spanish.  1 o'clock.  Thank you.

23       A.    Thank you.

24  JUDGE FOR THE RECORD

25       74 714 640, Alejandro, A L E J A N D R O, Aguilar, A G U I L

A 27 972 293                     11                September 5, 2006

1   A R -- Ramirez, R A M I R E Z.

2   MR. AGUILAR-RAMIREZ TO JUDGE

3       A.   Yes, sir.

4       Q.   Language, please?

5       A.   Both.

6       Q.   Which are you most comfortable in, sir, English or

7   Spanish?

8       A.   Spanish.

9       Q.   Spanish.  Okay.

10      A.   Yes, sir.

11      Q.   I'll see you at 1 o'clock.

12      A.   Thank you very much.

13      Q.   You are welcome.

14      A.   Thank you, sir.

15      Q.   You're welcome.

16   JUDGE FOR THE RECORD

17      99 379 713, Airton, A I R T O N, Costa, C O S T A, Jr.

18   JUDGE TO MR. COSTA, JR.

19      Q.   Language, please?

20      A.   English, Your Honor.  English.

21      Q.   English.  Thank you.  Did you understand the advisals?

22      A.   Yes, I did, Your Honor.

23      Q.   Thank you and you have an attorney representing you.

24   Is that correct?

25      A.   That's correct.

A 27 972 293                 12              September 5, 2006

1      Q.   And I'll have you come back in a little bit later this

2   morning.   I'll be telephoning the attorney.   Okay?

3      A.   Thank you, Your Honor.

4      Q.   Thank you, sir.

5   JUDGE FOR THE RECORD

6      And 90 116 866, Maribel, M A R I B E L, Rico, R I C O -

7   V I L L A.

8   JUDGE TO MS. RICO-VILLA

9      Q.   Language, please?

10      A.   English, English.

11      Q.   English.   Thank you.   Did you understand the advisals?

12      A.   Yes, Your Honor.

13      Q.   Did you want to get an attorney or to speak on your

14   own?

15      A.   On my own.

16      Q.   Do you want more time to prepare or do you want the

17   hearing today?

18      A.   Today.

19   JUDGE TO MR. DELGADILLO-LUPIAN AND MS. RICO-VILLA

20      Q.   All right.   I'll ask the two respondents to please

21   stand and if you will both raise your right hand.   Do you each

22   swear to tell the truth, the whole truth, and nothing but the

23   truth throughout these proceedings?

24      A.   Yes.

25      Q.   Thank you.   Please be seated.

A 27 972 293                    13              September 5, 2006

1    JUDGE FOR THE RECORD

2        The answer was yes by both.

3    JUDGE TO MR. DELGADILLO-LUPIAN AND MS. RICO-VILLA

4        Q.    And when you're at the chair in front I'll ask you to

5    respond to the allegations and charges brought against you.   If

6    there is something that you don't understand please let me know

7    that right away.   All right?

8        A.    Yes.

9    JUDGE FOR THE RECORD

10       We'll go to individual tapes.

11

12                            HEARING ADJOURNED

13

14

15

16

17

18

19

20

21

22

23

24

25

A 27 972 293                    14                    September 5, 2006

**U.S. Department of Justice**
Executive Office for Immigration Review
United States Immigration Court


Matter of                                    File A 27 972 293



                                   )
                                   )
MEBRAHTU WOLDAI TSEHAI             )    In REMOVAL Proceedings
                                   )
                                   )
                  Respondent       )         Transcript of Hearing


Before JEFFREY ZLATOW, Immigration Judge


Date:  September 19, 2006              Place:  Eloy, Arizona


Transcribed by FREE STATE REPORTING, INC., at Annapolis, Maryland


Official Interpreter:

Language:


Appearances:

        For the Department of
        Homeland Security:           For the Respondent:

        Conner Childers              Pro se

1  (TAPE 2)

2  JUDGE FOR THE RECORD

3      This is Immigration Judge.

4                              (OFF THE RECORD)

5                              (ON THE RECORD)

6  (TAPE 3)

7  JUDGE FOR THE RECORD

8      Testing.

9                              (OFF THE RECORD)

10                             (ON THE RECORD)

11  JUDGE FOR THE RECORD

12      This is Tape No. 3 in File 27 972 293.  Tape No. 2 ended

13  abruptly.  I was just starting to give the appearances for today,

14  September 19th, 2006.  As I was saying, the respondent is in the

15  custody of Homeland Security.  He is appearing without counsel.

16  The Government is represented by Attorney Conner Childers,

17  C H I L D E R S, and the hearing is in English.

18  JUDGE TO MR. TSEHAI

19      Q.   Sir, please state your complete name?

20      A.   Mebrahtu Tsehai.

21      Q.   Thank you and if you will raise your right hand I'm

22  going to place you under oath.  Do you swear to tell the truth,

23  the whole truth, and nothing but the truth throughout these

24  proceedings?

25      A.   Yes, sir.

A 27 972 293                    15              September 19, 2006

1       Q.      Thank you.  Once again your true name?

2       A.      Mebrahtu Tsehai.

3       Q.      And your age, please?

4       A.      25.

5       Q.      Thank you.  Sir, your case was postponed so that you

6   could try to get an attorney.  Did you get an attorney?

7       A.      No, I just have the Florence Project at this time.

8       Q.      Do you need more time to obtain counsel?

9       A.      No, I'm pro se, proceeding pro se.

10      Q.      Okay.  The charging document, the Notice to Appear,

11  dated April 22nd, 2003, it has two charges currently against you.

12  The first charge is claiming after admission that you were

13  convicted of a violation of law relating to a controlled

14  substance other than a single offense involving possession for

15  your own use 30 grams or less of marijuana.  They are saying that

16  you were convicted of cocaine base.  Do you understand that?

17      A.      Yes, sir.

18      Q.      Sir?

19      A.      Yes, sir.

20      Q.      Thank you.  The second charge is claiming that after

21  admission you have been convicted under any law of purchasing,

22  selling, offering for sale, exchanging, using, owning,

23  possessing, or carrying, or of attempting or conspiring to

24  purchase, sell, offer for sale, exchange, use, own, possess, or

25  carry in violation of any law any weapon, part, or accessory

A 27 972 293                    16                    September 19, 2006

1   which is a firearm or a destructive device as defined in Section

2   921(a) Title 18 U.S.C.  Do you understand that charge?

3       A.   Yes, I understand.

4       Q.   The document indicates that a copy of this was given to

5   you on August 17th, 2006.  Did you receive a copy?

6       A.   Yes, I have read it.

7   JUDGE FOR THE RECORD

8       It's marked for the record as Exhibit 1.  The notice for the

9   hearing of September 5th will be Exhibit 2.  The notice for

10  today's hearing will be Exhibit 3.

11  JUDGE TO MR. CHILDERS

12      Attorney Childers?

13  MR. CHILDERS TO JUDGE

14      May I approach, Your Honor?

15  JUDGE TO MR. CHILDERS

16      Please.

17  MR. CHILDERS TO JUDGE

18      Copies are being provided to the respondent, sir.

19  JUDGE TO MR. CHILDERS

20      Thank you.

21  JUDGE TO MR. TSEHAI

22      Q.   You have the group supervisor too?

23      A.   (Indiscernible).

24      Q.   Oh, I'm sorry.  Pardon me.  A different title here.

25  Sorry.

A 27 972 293                    17              September 19, 2006

1      A.    Yes, sir.

2      Q.    Never mind.  Sir, Immigration is claiming that you're

3    not a citizen or a national of the United States.  They say that

4    you're a native and citizen of Sudan.  Is that true or false?

5      A.    False, no.

6      Q.    You're claiming to be a citizen of the United States?

7      A.    Yes, you had asked me to get you something.  Can I hand

8    it to you?

9      Q.    Pardon me?

10     A.    You had asked me to hand you something before or to get

11   information.

12     Q.    You were scheduled for two hearings today, one was

13   custody and the other is removal.

14     A.    Okay.

15     Q.    Your removal hearing was continued solely to give you

16   an opportunity of trying to obtain counsel.  At the custody

17   proceeding, which is a separate proceeding, there were further

18   discussions in that, but I'm not going to discuss that on the

19   record in the removal proceeding.

20     A.    Okay.

21     Q.    That's separate matter.  Do you wish to answer the

22   allegations, sir?

23     A.    Yes, I'm trying to see if I can give you that paper

24   that you asked me for.

25     Q.    I'm not speaking to you at the moment about bond.  I'm

A 27 972 293                    18              September 19, 2006

1   speaking to you --

2       A.   I know.  I'm not talking about bond, but as far as the

3   citizenship issue.

4       Q.   -- okay.

5       A.   Your Honor, --

6       Q.   Just listen to my question first.

7       A.   -- okay.

8       Q.   Okay?

9       A.   Okay.

10      Q.   Are you a citizen or a national of the United States?

11      A.   Then I have to answer no.

12      Q.   Were you born in Sudan?

13      A.   I'm going to answer no.

14      Q.   Are you a citizen of Sudan?

15      A.   No.

16      Q.   I want to make sure I understood your answer correctly

17   the first time.  Are you claiming to be a citizen or a national

18   of the United States?

19      A.   Yes.

20      Q.   You had said no a minute ago.

21      A.   I know.  Well, I'm reading something now so.

22      Q.   Don't read anything.  Listen to what I'm asking you.

23      A.   Okay.

24      Q.   Are you a citizen or a national of the United States?

25      A.   I believe, yes.

A 27 972 293                    19              September 19, 2006

1   JUDGE FOR THE RECORD

2       Okay.  Allegation 1 is denied.  Allegation 2 is denied.

3   JUDGE TO MR. TSEHAI

4       Q.  And what is it that you want me to consider on your --

5   actually you don't have to say anything.  The Government first

6   has the burden of showing alienage because you're saying that

7   you're a citizen of the United States.

8   MR. CHILDERS TO JUDGE

9       Yes, Your Honor.  The Department would have to request for a

10  continuance in order for us to get documents on alienage.

11  JUDGE TO MR. CHILDERS

12      Okay.  I'm going to return these documents to you --

13  MR. CHILDERS TO JUDGE

14      Yes, Your Honor.

15  JUDGE TO MR. CHILDERS

16      -- and you can present them at a merit hearing.

17  JUDGE FOR THE RECORD

18      The matter will be set over for a hearing.

19  MR. TSEHAI TO JUDGE

20      A.  It was already set over and I got the paperwork right

21  here that you asked me to get.

22      Q.  Sir, this is not a merit hearing today.  This is

23  scheduled for a -- this is scheduled for a Master Calendar to

24  determine what issues are in controversy.  You are claiming that

25  the allegation that you are not a citizen or a national of the

A 27 972 293                    20                September 19, 2006

1    United States is wrong.

2         A.    Well, I have documentation right here stating that.

3         Q.    Okay.  What do you have, sir, to show that you were

4    born in the United States?

5         A.    Well, I don't know about that part.  You just asked me

6    as far as whether my father when he made citizenship.  You asked

7    me to provide you that copy and I've got three copies here.

8    That's what you asked me at a couple of hearings.

9         Q.    Listen to me, please.  You're speaking again about a

10   custody matter, the custody hearing, because while we were in

11   removal proceedings, sir, I didn't request anything from you

12   because your case was postponed so that you could try to get an

13   attorney.

14        A.    Yes.

15        Q.    Today you're telling me in this removal proceeding that

16   you want to represent yourself.

17        A.    I already said that you know.

18        Q.    I heard what you said, sir.  Please listen to what I'm

19   saying.  The Government attorney has the burden of showing --

20   since you have denied alienage, he has the burden of showing that

21   you are not a citizen or a national of the United States.  You

22   are not required to say anything since you have denied the

23   allegation.  If you say certain things then that will be

24   considered in these proceedings.

25        A.    Okay.  Well, --

A 27 972 293                    21              September 19, 2006

1       Q.    Now, with that, the Government attorney has requested

2  -- as the allegation has been denied, he has requested that the

3  matter be set over for a contesting hearing.

4       A.    -- okay.  Well, we've been continuing this.  I'm being

5  held hostage basically.  I mean what's going on?  I mean I would

6  like to be removed then you know.  If that's what they feel then

7  remove me you know what I mean, but I don't want to just sit in

8  here and going to be waiting.  You know I did my time.  I feel

9  this is unnecessary.  They keep postponing it every time.  They

10  should have had all of these documents already.

11       Q.    Sir, the custody proceeding had been postponed at your

12  request.  The removal proceeding had been postponed at your

13  request.

14       A.    I didn't request it.  You asked me -- I told you I

15  wrote a counsel and they haven't got at me.  You gave me some

16  time, but I haven't got no response, and I talked to other

17  attorneys that will help me file the paperwork and talk to me,

18  but they will not represent me in court.  They don't do that.

19       Q.    Mr. Tsehai, the record will speak for itself as far as

20  what transpired.  You can be under certain impressions.  It

21  doesn't mean that the impressions are correct.  I asked you

22  whether you wanted to get an attorney or to speak on your own.

23       A.    Well, --

24       Q.    Don't argue with me, sir.  I continued your case so

25  that you have an opportunity to obtain counsel which was your

A 27 972 293                    22                September 19, 2006

1    request.  If you want to represent yourself that is your right.

2    If you wish to say something that is your right.  I am simply

3    informing you, sir, that it is the Government's burden to show

4    that you are subject to removal because you have denied the

5    allegation that you are not a citizen or a national of the United

6    States.  In other words, you are claiming that you are a citizen

7    or a national of the United States and, because you are claiming

8    to be a citizen or a national of the United States, you don't

9    have to say anything, but, if you do say things, then whatever

10   you say I may consider and that may be adverse to you, and that's

11   why I'm suggesting that the matter be continued, as the

12   Government attorney has requested, for a merit hearing so that it

13   can be litigated and they can fully present their case and you

14   can fully present yours.  This hearing today was a Master

15   Calendar setting which was for the specific purpose of finding

16   whether there were allegations that are in controversy or not,

17   whether the charge is in controversy or not.

18        A.   -- okay.  I would like to change my plea.  I'm not a

19   citizen of the United States and I would like to proceed.  They

20   don't have to prove anything.  At my request I would like to

21   proceed and I would like to be removed.  If they want to let's do

22   it.  I do not want to be in custody no more.  I don't got time

23   for these games.  I would like to proceed.

24        Q.   I don't treat this as a game, sir.

25        A.   Well, they is and the Homeland Security they're playing

1   games because I don't got access to the courts you know what I

2   mean and my case is under appeal.  They're playing games.  I

3   would like to proceed and be moved on.  I'm gone.  I want to go.

4   They don't have to prove anything.  I'm not a citizen of the

5   United States.  Let's go.

6        Q.   You're changing your plea?

7        A.   Yes, I'm asking, please.  Remove me from the country,

8   yes.  I'm ready to proceed.

9        Q.   Do you understand that --

10       A.   Yes, I understand.  Yes, I would like to be removed.

11       Q.   -- do you understand --

12       A.   I'm begging.

13       Q.   -- may I finish my sentence?

14       A.   Yes.

15       Q.   Thank you.  You understand that I was going to put the

16  Government to their burden of showing that you are subject to

17  removal?

18       A.   Yes, I understand everything.  I would like to be

19  removed.

20       Q.   Allegation 1: you are not a citizen or a national of

21  the United States.  Do you admit or deny that?

22       A.   Can you ask that question again I mean?

23       Q.   The allegation reads: you are not a citizen or a

24  national of the United States.  Are you claiming to be a citizen

25  or a national of the United States?

A 27 972 293                    24              September 19, 2006

1      A.    No, I am not.   No.

2      Q.    Were you born in Sudan?

3      A.    Yes.

4      Q.    Are you a citizen of Sudan?

5      A.    I don't know.

6      Q.    Were you admitted to the United States at New York, New

7  York on October 19th, 1988 as a refugee?

8      A.    Yes.

9      Q.    Was your status adjusted to become a lawful permanent

10  resident April 2nd, 1990 effective as of October 19th, 1988 under

11  Section 209 of the Immigration and Nationality Act?

12     A.    Yes.

13     Q.    On September 17th, 2002, were you convicted in the

14  Superior Court --

15  JUDGE TO MR. CHILDERS

16      Do you have the documentation?

17  MR. CHILDERS TO JUDGE

18      Yes, may I approach, Your Honor?

19  JUDGE TO MR. CHILDERS

20      Please.

21  JUDGE TO MR. TSEHAI

22     Q.    -- September 17th, 2002 were you convicted in the

23  Superior Court of California, Alameda County, --

24  JUDGE TO MR. CHILDERS

25      Thank you.

A 27 972 293                    25              September 19, 2006

1  JUDGE TO MR. TSEHAI

2     Q.   -- for possession of a controlled substance, cocaine

3  base?

4     A.   No.

5     Q.   September 17th, 2002 were you convicted in the Superior

6  Court of California, Alameda County, for carrying a concealed

7  firearm on a person --

8     A.   No.

9     Q.   -- in violation of Section 12025(a)(2) of the

10  California Penal Code?

11     A.   No.

12     Q.   The Government attorney has given to you and to me some

13  documentation.  The first is a memorandum, and I'm holding it up

14  so you can see what I'm referring to, a memorandum of creation of

15  record of permanent residence.  Is it all right with you that I

16  receive this as evidence of your becoming a lawful resident?

17     A.   Yes.

18     Q.   Is it okay that I receive this as evidence of your

19  having been born in Sudan?

20     A.   Yes.

21  JUDGE TO MR. CHILDERS

22     Now this indicates country of nationality as Ethiopia,

23  counsel.  Why did the Government list Sudan?

24  MR. CHILDERS TO JUDGE

25     One moment, please, Your Honor.  It appears it should read

A 27 972 293                    26              September 19, 2006

1  Ethiopia, Your Honor.  May we pen and ink that?

2  JUDGE TO MR. TSEHAI

3  Q.  Do you have any objection to the claim of citizenship

4  being listed as Ethiopia?

5  A.  I do not even know, but I know whiting something out

6  that's illegal so I don't know.

7  Q.  Say it again, please?

8  A.  I can't comment on that.  You're talking about whiting

9  something out that is stated so I don't know.  That will be your

10  decision wouldn't it?

11  Q.  Sir, there are two ways of having something changed.

12  One is where they file a formal paper and do it which would

13  probably not be done at this moment.  The other is where I do it

14  by pen and ink if there is agreement by the parties that the

15  allegation -- it's not an admission.  It's simply that the

16  allegation be amended.  Whether you choose to admit the

17  allegation or not is up to you.  It's simply that it be changed

18  by pen and ink.

19  A.  Okay.  I agree.

20  JUDGE FOR THE RECORD

21  Without objection then citizen of Ethiopia.

22  JUDGE TO MR. TSEHAI

23  Q.  Do you need more time to prepare or to get an attorney

24  in light of this allegation being amended?

25  A.  No, I would like to proceed.

A 27 972 293                    27            September 19, 2006

1      Q.   Do you wish to admit or deny the allegation that you're

2   a citizen of Ethiopia?

3      A.   Would you ask that -- would you ask that -- say that

4   question again, please?  I didn't understand it.

5      Q.   Yes, the allegation has just been amended so they are

6   saying that you were born in Sudan, but that you're a citizen of

7   Ethiopia.

8      A.   No, I am denying that.  I have never been to Ethiopia.

9   I'm sure.

10     Q.   Do you have any objection to my receiving this

11  memorandum of creation of record of permanent residence?

12     A.   No.

13  JUDGE FOR THE RECORD

14     Exhibit 4.  I note that this document indicates the country

15  of nationality lists Ethiopia.

16  JUDGE TO MR. TSEHAI

17     Q.   Now the Government has also given to you and to me an

18  abstract of judgement, and I'm holding it up, State of California

19  v. Mebrahtu, spelling M E B R A H T U, Tsehai, T S E H A I.

20  Count I: Health and Safety Code 11350(a), possession of a

21  controlled substance, cocaine base, eight month concurrent

22  sentence.  Count II: concealed firearm on person, Penal Code

23  12025(a)(2), a two year sentence, total time two years.  Attached

24  to it is a second page, credit 279 days.  Attached to that is a

25  copy of an information, possession for sale of cocaine base,

A 27 972 293                    28              September 19, 2006

1   11351; --

2       A.   I've got possession for sale and possession?

3       Q.   -- Count II indicates convicted for carrying a

4   concealed firearm on a person -- a convicted person having a

5   concealed firearm on a person.  It says in violation of

6   12025(a)(2).  Are these your convictions?

7       A.   No.

8   JUDGE FOR THE RECORD

9       Okay.  This will be marked for identification only as

10  Exhibit 5 subject to foundation.

11  JUDGE TO MR. CHILDERS

12      Counsel, what are these other items that you are presenting?

13  MR. CHILDERS TO JUDGE

14      Your Honor, per my notes previously the respondent had

15  claimed that his convictions were under appeal.

16  JUDGE TO MR. CHILDERS

17      Excuse me, counsel.  One moment.  Are you speaking about

18  custody proceedings --

19  MR. CHILDERS TO JUDGE

20      I'm sorry.

21  JUDGE TO MR. CHILDERS

22      -- or are you speaking about removal proceedings?  I just

23  told the respondent I'm not going to speak about custody matters

24  in the removal proceeding.

25  MR. CHILDERS TO JUDGE

1       Your Honor, in my notes it didn't state that it was a bond

2    proceeding, therefore, I presumed it was in removal proceedings

3    that it was previously indicated.

4    JUDGE TO MR. CHILDERS

5       The only reason this case was postponed until today in

6    removal proceedings was because the respondent had sought time to

7    obtain counsel.

8    MR. CHILDERS TO JUDGE

9       I'm sorry.  My notes necessarily reflect that those two

10   documents at this point would not be necessary then.

11   JUDGE TO MR. CHILDERS

12      Okay.

13   MR. CHILDERS TO JUDGE

14      May I approach?

15   JUDGE TO MR. CHILDERS

16      Yes, thank you.

17   JUDGE TO MR. TSEHAI

18      Q.   Now, sir, earlier you were saying something about your

19   father being a U.S. citizen or claiming to be a U.S. citizen and

20   then you didn't like the idea of having to wait, and so you were

21   changing your statements.  If you're claiming -- I can tell you,

22   sir, that your case will be postponed because you have denied

23   allegations of conviction and they have presented some evidence,

24   which you say is not your conviction, so it will be postponed so

25   that they can try to prove up the allegations.  Since your case

A 27 972 293                    30                September 19, 2006

1   is being postponed you may want to again put forward the issue of

2   whether you are a U.S. citizen or not if you believe that you are

3   a U.S. citizen.  I will be asking you questions concerning that,

4   but I'm putting you on notice that whatever documents you want me

5   to consider you should present them to the Court because I can't

6   guess at what you have and the issue of the conviction is in

7   question.  If you are claiming that you were not convicted of the

8   offense at all, that there is no conviction, if you have evidence

9   to that effect you may want to have it ready to present as well

10   --

11       A.   I have --

12       Q.   -- f they present evidence that you were convicted of

13   this.

14       A.   -- I have one question.

15       Q.   Yes.

16       A.   When you read you said possession for sale --

17       Q.   In the --

18       A.   -- or possession.  That's what is says on here.  I'm

19   confused because it says possession here and you said possession

20   for sale.

21       Q.   -- the attached information, which was the charging

22   document, had an original Count I of possession for sale.

23       A.   Okay.

24       Q.   The abstract of judgement, which is the first page on

25   top, indicates a conviction not -- and that was -- the

A 27 972 293                    31              September 19, 2006

 1   information said 11351.  The abstract of judgement indicates a

 2   conviction for possession not for sale.  It doesn't say for sale.

 3   It simply says possession of cocaine base and that's under

 4   11350(a) so, since you're denying that this is your conviction

 5   anyway, the Government should probably be obtaining copies of the

 6   proceedings in court and perhaps the transcripts showing there

 7   was a written plea, if there was one, or whatever other

 8   information they have to present if they are seeking to establish

 9   that this is your conviction.  Right now this is not in evidence

10   because you have denied that it relates to you and so it's simply

11   marked for identification as Exhibit 5.

12        A.   I have a question.

13        Q.   Yes.

14        A.   Wasn't the Government was asked last time to provide

15   all of this information?  That's what they was -- you told them

16   to get all of the information about the convictions.

17        Q.   Mr. Tsehai, --

18        A.   Okay.

19        Q.   -- for at least the fourth time today --

20        A.   Right.

21        Q.   -- and I usually don't like repeating myself

22   needlessly.  You're obviously an intelligent individual.  I know

23   that you're hearing me.  I know you're understanding me so I

24   don't really see a need to have to repeat things, but I'll repeat

25   it yet again.  You have two proceedings postponed.  One was the

A 27 972 293                    32                    September 19, 2006

1  custody.

2      A.   Okay.

3      Q.   One was the removal.  We're in the removal.

4      A.   Okay.

5      Q.   The removal proceeding was only postponed for one

6  reason.

7      A.   Because of me.

8      Q.   You had requested time to get an attorney.  I didn't

9  take pleadings in the removal proceeding.  I didn't have you

10 placed under oath, not anything at the last hearing.  The custody

11 matter is a separate matter.  There were further issues that had

12 been discussed in that proceeding, but it is a separate

13 proceeding and so I will not discuss that further in these

14 removal proceedings.  Okay?

15     A.   Yes.  I think I get it.

16 JUDGE TO MR. CHILDERS

17     Okay.  So what I'll do -- counsel, what is your request?

18 MR. CHILDERS TO JUDGE

19     Your Honor, we request a continuance for the Department

20 would like finger prints to attempt to match up the conviction to

21 the respondent as well as.

22 JUDGE TO MR. CHILDERS

23     Well, counsel, if you're simply trying to match up those

24 papers to the respondent those papers probably will not be enough

25 because, as the respondent notes, the information had a different

A 27 972 293                    33              September 19, 2006

1   charge.

2   MR. CHILDERS TO JUDGE

3        Yes, Your Honor.  In addition, we will be requesting the

4   plea agreement and the transcripts as well.

5   JUDGE TO MR. CHILDERS

6        Oh, okay.  So what time period are you seeking?

7   MR. CHILDERS TO JUDGE

8        Three weeks, Your Honor.

9   MR. TSEHAI TO JUDGE

10       A.   No, I disagree on that.  I'll go ahead and admit to it.

11  I'll go ahead and admit.  We'll just go ahead and get this over

12  with.

13       Q.   Sir, there is --

14       A.   I don't want to waste the Court's time.

15       Q.   -- no, no, listen, listen.  You know there is --

16       A.   This is getting ridiculous.

17       Q.   -- please listen.

18       A.   Okay.

19       Q.   There is a difference between when somebody is

20  admitting or denying things because they are pleading genuinely

21  to the allegation that it is correct or it is incorrect.  There

22  is another pleading where a person is saying okay I just want to

23  get this over with, I don't really think that it's true, but just

24  to have the thing over with because I don't want to stay detained

25  I'm going to admit it.  I don't accept the latter pleading.

A 27 972 293                    34              September 19, 2006